IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-07

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

7. **SHEPS H. KHAMSAHU,**

    **Defendant.**

---

## PLEA AGREEMENT

---

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, SHEPS H. KHAMSAHU, hereinafter referred to as the defendant, personally, and by his counsel of record, Joseph Saint-Veltri, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1. It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement). The

**Court's Exhibit 1**

offer memorialized in this Plea Agreement was accepted by the defendant when the defense filed his Notice of Disposition (#195). This plea agreement and related communications are under color of FRE 410.

## I. AGREEMENT

A. The defendant agrees to plead guilty to Count Thirty-One of the Indictment (# 1) returned against him in this matter.

B. In consideration of the defendant's substantial assistance to law enforcement, to include voluntarily providing truthful information and testimony in federal and state legal proceedings as required, and in exchange for his plea of guilty and the entry of judgment on Count Thirty-One, the Government agrees to file a motion to dismiss the remaining counts of the Indictment and any superseding indictment in this case as to the defendant when the guilty plea is entered on Count Thirty-One of the Indictment and to forego filing additional charges on offense conduct now known to the Government.

C. The parties jointly acknowledge the defendant has expressed an interest in cooperating with law enforcement and the Office of the United States Attorney for the District of Colorado by providing testimony, documents, and other information known to the defendant about the criminal wrongdoing of other persons. If the defendant desires consideration by the Government of a possible 5K.1.1 motion for downward departure, the defendant understands and agrees that he shall be required to cooperate fully with the Government by:

> (1) providing **truthful and complete** information and testimony in any legal proceeding when called upon by the Office of the United States Attorney for the District of Colorado; and
>
> (2) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings in any venue as may be required by the Office of the

2

United States Attorney for the District of Colorado, and

(3) agreeing to continuances of his sentencing hearing until his testimony, if required, has been provided in this case.

D.   The Government reserves the sole right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing.  If, in the exercise of its discretion, the Government determines the defendant's cooperation is of such significance so as to warrant the Court's departure from the sentence required by the Guidelines, the Government may make a motion pursuant to § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. §3553(e), reflecting that the defendant has provided substantial assistance. However, if such a motion were made, the defendant understands and agrees the Court is under no obligation to grant the Government's motion.  The Government anticipates, assuming events in the judicial process have permitted the defendant to demonstrate fully his assistance to law enforcement before the time of sentencing, the Government's motion for downward departure will ask the Court to impose a sentence as much as 49 % below the bottom of the otherwise applicable Guidelines sentencing range for Count Thirty-One. This plea agreement does not foreclose, and it does not require, the filing of a Rule 35(b) Government motion asking the Court for additional consideration at some future date. The Government agrees the defendant is not precluded from asking the Court for a greater variant sentence or Guidelines departure because of the Government's Section 5K1.1 motion under the circumstances in this case.   Further, the defendant understands and agrees the Court may impose any sentence authorized by law and the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

The Government anticipates filing a 5K1.1 motion for substantial assistance calling for a

reduction from otherwise applicable Sentencing Guideline's sentence of up to 49%. The parties understand the imposition of sentence is within the sound discretion of the Court, regardless of the contemplated Government motion.

E.  The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 21 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

F.  In consideration of the defendant's plea of guilty to Count Thirty-One and the

imposition of sentence on said Count Thirty-One pursuant to said plea, the Government agrees to recommend a three level adjustment for acceptance of responsibility and agrees that the Government will argue for a sentence within the Guidelines (as adjusted by any government 5K1.1.motion filed on behalf of the defendant) at the time of sentencing.

G.  The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553.  By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range.  The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

## II. ELEMENTS OF THE OFFENSE

The parties agree with respect to Count Thirty-One of the Indictment, 21 U.S.C. §§ 846 and 856(a)(1) and (2), Conspiracy to Use and Maintain Drug-Involved Premises, the elements of the offense to which this plea is being tendered are as follows:

(1) Between on or about January 2005 and on or about September 2011;

(2) within the State and District of Colorado;

(3) the defendant;

(4) knowingly agreed with one and more than one other persons;

(5) to use and maintain a place, to wit: premises informally known as the Hell's

Lovers Motorcycle Club (HLMC) Colorado Chapter clubhouse;

(6) for the purpose of using quantities of a substance containing a detectable amount of Marijuana and quantities of a substance containing a detectable amount of cocaine;

(7) and quantities of Marijuana and cocaine were thereafter repeatedly used on the premises;

(8) cocaine is a Schedule II controlled substance;

(9) Marijuana is a Schedule I controlled substance; and

(8) the defendant therefor participated in an agreement in violation of Title 21, United States Code, Sections 846 and 856(a)(1) and (2), conspiracy to use and maintain drug-involved premises.

### III. STATUTORY PENALTIES

The maximum statutory penalty for the offense charged in Count Thirty-One is not more than 20 years imprisonment; a fine of up to $500,000.00, or both; a term of supervised release of not more than 4 years following any period of imprisonment; and a $100 special assessment fee.

### IV. COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use or carry a firearm, the right to hold elected office, the right to serve on a jury, or the right to vote during a period of confinement or supervised release.

## V. STIPULATION OF FACTS

A.   The parties agree there is a factual basis for the guilty pleas that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant offense conduct, and consider other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to these considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement,

B.  This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

C.  The parties agree that the date on which the relevant offense conduct began is on or about January 1, 2005 through on or about January 20, 2012. The parties agree evidence at trial would establish the following as to Count Thirty-One:

   (1)   Between January 2005 and January 2012, as witnessed in part by an ATF undercover Special Agent (UC) and a number of confidential human sources of information (CHS) working with law enforcement, on Thursday, Friday and Saturday nights of the average week, the premises informally known as the Hell's Lovers Motorcycle Club (HLMC) clubhouse, located in the Denver metropolitan area, within the District of Colorado, would be the scene of gatherings where HLMC members and visitors consumed Marijuana and cocaine. The HLMC clubhouse was the scene of Marijuana consumption by 30 to 40 persons on any given Friday or Saturday night.

   (2)   The routine and repeated use of Marijuana and cocaine at the HLMC clubhouse was known to the defendant and other HLMC members. The defendant knew Marijuana was shared and used routinely and

7

regularly at the HLMC clubhouse. The defendant used Marijuana at the clubhouse. For periods of time during the conspiracy, starting at some point in 2007, the defendant was a fully patched and "christened" HLMC member. Eventually, the defendant held a position of leadership within HLMC.

(3) The HLMC clubhouse was supported in part by proceeds from liquor sales at the clubhouse and by dues paid by the defendant and other members of the HLMC, including fully patched and "christened" members, probationary members, prospective members, and "property of" female associates. Clubhouse expenses such as rent and utilities were paid by the HLMC Chapter Treasurer using proceeds from sales at the clubhouse and HLMC dues.

(4) The parties stipulate and agree, for the purposes of this plea agreement, to make calculations based on Marijuana dosage information from the "Typical Weight Per Unit . . . Table" in the application notes for Section 2D1.1: One Marijuana cigaret weighs .5 grams. Two Marijuana cigarets equal one gram. Two thousand marijuana cigarets equal one kilogram of Marijuana.

(5) The parties stipulate and agree for the purposes of this plea agreement that thirty or more persons would use Marijuana at the clubhouse on Friday and Saturday nights unless the HLMC chapter was on a road trip. The defendant contends there was a road trip each month. The Government believes there were six to eight out of town road trips a year. The Government calculations use 44 weeks a year – the defense asserts the calculations should be based on 40 weeks a year. The Government contends approximately 2,640 ~~thousand~~ Marijuana cigarets (equivalent to approximately 1.32 KG of Marijuana) would be used at the clubhouse each year. In the 7 year period between 2005 and 2012 (there was a period of approximately six months when HLMC did not have a clubhouse location), approximately 8.58 KG of Marijuana was used at the clubhouse.

(6) From time to time within the last five years, firearms were present at the clubhouse. On January 20, 2012, a search warrant executed at the clubhouse resulted in the recovery of three firearms – one of the firearms was described to investigators by a fully patched "christened" member of the HLMC as a "clubhouse" firearm.

(7) The Colorado Chapter of the HLMC at all times pertinent had more than ten members; as a national organization the HLMC at all times pertinent had more than one hundred members. The defendant was an officer of the Colorado Chapter of HLMC and eventually, in 2011, held a national position as "President" of the Western region of the

HLMC.

D. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies which matters are in dispute. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offenses

B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation

Department or the Court.  The defendant understands and agrees he may not withdraw his pleas solely as a result of the sentence imposed.

  C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

    (1) The parties stipulate that the base offense level for Count Thirty-One and the above cited relevant offense conduct is 14 (at least 5KG but less than 10 KG of Marijuana) under §2D1.1(c)(13) of the Sentencing Guidelines.

    (2) The government asserts the involvement of one or more firearms at the clubhouse calls for a 2 level increase under 2D1.1(b)(1).  The government contends that clubhouse firearms are jointly possessed, constructively and actually, by patched HLMC members.  The government further contends that fully patched HLMC members, but especially HLMC officers, are responsible for the reasonably foreseeable conduct of other members bringing firearms to the clubhouse.  The defendant objects to the firearms adjustment and reserves the right to oppose the application of the firearms adjustment.  Further, the government asserts the maintenance of the drug-involved premises brings the defendant under 2D1.1(b)(10) for an additional 2 level increase.  The defendant objects to this

adjustment and reserves the right to oppose the application of the adjustment.

(3) The parties stipulate there are no victim-related or obstruction adjustments as to this defendant.

(4) The government contends the defendant should receive a three level upward adjustment under Section 3B1.1 because he was a leader or organizer of a criminal activity that involved five or more participants. The defendant objects to this adjustment and reserves the right to oppose the application of the leadership adjustment. The Government notes that on present information, the career offender criteria do not appear to be activated by the defendant's criminal record.

(5) If the Court increases the offense level because one or more firearms were possessed, increases the offense level because the defendant participated in a drug-involved premises, and increases the offense level because the defendant was a leader or organizer of a group of five or more persons engaged in criminal conduct, the total adjusted offense level will be 21.  The Government joins (assuming the defendant's offense level is 16 or higher) in the defendant's request that he receive the 3-level acceptance of responsibility decrease under §3E1.1(a) and (b).  If granted, according tot he Government's calculations, the adjusted offense level would be 18.

(6) The defendant has no felony convictions.  The government estimates the be in Criminal History Category I.   However, the parties

understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

## GUIDELINES PREDICTION

(D)   The Guidelines' sentencing range for Count One, resulting from an adjusted offense level of **18**, Criminal History Category I, is a term of imprisonment of 27-33 months. The maximum guideline range for Level 18, Criminal History Category VI is a term of imprisonment of 57-71 months. As noted above, the defendant objects to the adjustments for leadership and specific offense characteristics and reserves the right to oppose those adjustments. If the defendant prevails, the defendant's adjusted office level will be level **13.** Criminal history Category I, offense level 13, results in a sentencing range of 12-18 months of imprisonment. As indicated, above, the Government expects to file (in its sole discretion) a Section 5K1.1 motion asking the Court to depart up to **49%** from the bottom of the otherwise applicable sentencing guidelines range for this defendant based on substantial assistance to law enforcement. The parties understand that it is within the

Court's sound discretion to grant or deny a Government 5K1.1 motion. The Government further indicates that the Government is not objecting to the defendant's requesting a variant sentence or further reduction, but the Government reserves the right to argue against a variant sentence or further reduction if the Government determines that opposing the requested variance or departure is in the interests of justice. A 49 % reduction for level 13, Criminal History Category I, would result in a sentence recommendation of 6 months imprisonment. A 49% reduction for level 18, Criminal History Category I, would result in a sentence recommendation of 16 months imprisonment. The Government does not object if the defendant elects to argue and advocate for a variant sentence in lieu of the Government's 5K1.1 motion in the circumstances of this case as to this defendant. The Government, of course, reserves the right to argue for a Guidelines Sentence. The parties understand the Sentencing Guidelines are advisory in nature.

(E)    Pursuant to §5E1.2, the range of a fine for offense level 18 for the offense of conviction is $6,000 to $500,000. The range of a fine for offense level 13 for the offenses of conviction is $3,000 to $500,000.

(F)    In addition, the defendant is subject to the imposition of a term of supervised release of not more than 4 years and a mandatory special assessment of $100 per count of conviction, for a total of $100.

(G)    The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(H)    No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that

range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other18 U.S.C. §3553 factors.

(I)   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurance, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurance not expressly stated in this agreement.

Date: MAY 10 2012         By: _____
                              JOSEPH SAINT-VELTRI, ESQ.
                              ATTORNEY FOR DEFENDANT KHAMSAHU

Date: May 10 2012         By: _____
                              SHEPS H. KHAMSAHU
                              DEFENDANT

Date: 16 MAY 2012         By: _____
                              GUY TILL
                              ASSISTANT U.S. ATTORNEY

N:\GT\8\10_Sheps_7_May_Plea_Agreement_mtd.wpd