**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No:   12-cr-00010-MSK-7

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    GEORGE H. ASKEW,
2.    ROMELL E. BULLOCK,
3.    GREGORY A. COLLINS,
4.    GEORGE A. GADDY,
5.    DELBERT J. GARDNER,
6.    RICHARD W. JOHNSON
**7.    SHEPS H. KHAMSAHU,**
8.    ERIC LUGO,
9.    LAWRENCE T. MARTIN,
10.   JOHNIE A. MYERS,
11.   DARRELL R. PARKER,
12.   CALVIN R. RILEY,
13.   COREY L. RILEY,
14.   THOMAS A. SCHRAH, JR.,
15.   JAMES R. SWITZER, and
16.   CLIFFORD M. WRIGHT,

      Defendants.

---

## OBJECTIONS TO PRESENTENCE REPORT

---

     COMES NOW Sheps H. Khamsahu (Defendant #7) by his lawyer, Joseph Saint-Veltri,

and he submits herewith his objections to the Presentence Report pursuant to Rule 32(f) of the

Federal Rules of Criminal Procedure as follows:

1.    That the Defendant objects to paragraph 20 (p 6) which reflects a 2-level increase

pursuant to U.S.S.G. §2D1.1(b)(1) if a dangerous weapon was possessed.  The recitation

provided by the Government in the Plea Agreement at Part VI (C) (2) (p10) when compared to

the commentary for Subsection (b)(1) evinces that a more direct connection between this Defendant and a firearm is required before the two level increase can be applied.

2.      That the Defendant objects to paragraph 21 (p 6) which reflects a 2-level increase pursuant to U.S.S.G. § 2D1.1(b)(12) because the Defendant maintained a drug involved premises.  The commentary to Subsection (b)(12) identifies its central aspect by stating that "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but <u>must be one of the defendants primary or principal uses for the premises</u>, rather than one of the defendants incidental or collateral uses for the premises." The Stipulation of Facts contained in Part V of the Plea Agreement (pp 7-9) does not establish that the primary purpose of the "clubhouse" was drug related.  Moreover, it does not establish that this Defendant had demonstrable control over the premises (clubhouse) when incidental drug use occurred there.

3.      That the Defendant objects to paragraph 22 (p 6) which reflects a 3-level increase pursuant to U.S.S.G. § 3B1.1(b) for being a "manager or supervisor" as to the offense of Conspiracy to Use and Maintain Drug-Involved Premises as charged in County Thirty-One of the Indictment (Doc 1).  Although it is debatable whether this Defendant had a management role in the Hell's Lovers Motorcycle Club for the purposes of the Count 31 Offense, he neither managed nor could manage the recreation drug use occurring at the clubhouse.  This activity was unorganized in nature and did not necessarily involve members of the Hell's Lovers Motorcycle Club.   Arguably, if this Subsection is to be applied, and we contend it should not, the Defendant's conduct is more adequately described by U.S.S.G. §3B1.1(c) rather than (b) because it involved no direct operational control over members of the Hell's Lovers.

4.      That the Defendant objects to paragraph 25 (p 6) which calculates the adjusted offense level of 21.  As a consequence of the forgoing discussion, the Defendant contends that it should be 14 or 16.

5.      That the Defendant objects to paragraph 27(p 6) which calculates the total offense level as 18.  The Defendant contends that the total offense level should be either 12 or 13 both of which are within Zone C.

6.      That the Defendant objects to paragraph 61 (p 13) which states the guideline range for imprisonment to be 27 to 33 months.  The Defendant contends that the guideline range should be either 10 to 16 months or 12 to 18 months for reasons outlined in the foregoing paragraphs.

7.      That the Defendant intends to file a Motion for a Non-Guideline (Variant Sentence).  He anticipates that the Government will be filing a Motion for Downward Departure pursuant to § 5K1.1.


                    Respectfully submitted,


                    By:     _s/ Joseph Saint-Veltri_
                    JOSEPH SAINT-VELTRI
                    Joseph Saint-Veltri, Attorney at Law
                    900 Logan Street
                    Denver, CO 80203

                    ATTORNEY FOR THE DEFENDANT

                    CERTIFICATE OF SERVICE

I hereby certify that this Objections to Presentence Report was delivered, via the ECF system for the District of Colorado to all parties, this 2nd day of August, 2012 and a copy was e-mailed to the United States Probation Officer Susan M. Heckman at:

Sue_Heckman@cod.uscourts.gov


/s/ Joseph Saint-Veltri