## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No:   12-cr-00010-MSK-7

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GEORGE H. ASKEW,
2.    ROMELL E. BULLOCK,
3.    GREGORY A. COLLINS,
4.    GEORGE A. GADDY,
5.    DELBERT J. GARDNER,
6.    RICHARD W. JOHNSON
7.    **SHEPS H. KHAMSAHU,**
8.    ERIC LUGO,
9.    LAWRENCE T. MARTIN,
10.    JOHNIE A. MYERS,
11.    DARRELL R. PARKER,
12.    CALVIN R. RILEY,
13.    COREY L. RILEY,
14.    THOMAS A. SCHRAH, JR.,
15.    JAMES R. SWITZER, and
16.    CLIFFORD M. WRIGHT,

    Defendants.

---

## MOTION FOR NON-GUIDELINE SENTENCE

---

    COMES NOW Sheps H. Khamsahu (Defendant #7) by his lawyer, Joseph Saint-Veltri, and he moves this Honorable Court for the imposition of a non-guideline sentence pursuant to 18 U.S.C. § 3553.

1.    That the crime of conviction in this case is Count Thirty-One of the Indictment (Doc 1) Conspiracy to Use and Maintain Drug-Involved Premises in violation of 21 U.S.C. §§ 846 and 856(a)(1), (2), and (b). Said conviction does not mandate any minimum sentence, and therefore

this Honorable Court is authorized to impose a sentence which varies from the applicable Federal Sentencing Guideline range via 18 U.S.C. § 3553.

2.      That the Defendant invites this Honorable Court to impose a sentence of probation.

3.      That a sentence to probation is, we submit, sufficient but not greater than necessary to achieve the objectives found in Section 3553(a)(2).

4.      That the Presentence Report describes in Part F paragraphs 80-83 <u>Factors that may Warrant a Non-Guideline Sentence</u>.

5.      That consistent with Subsection 3553(a)(1), Count Thirty-One involves recreational use of marijuana over an extended period of time by a large number of people. This criminal scenario is of comparatively moderate severity which did not adversely impact the community.

6.      That consistent with Subsection 3553(a)(2)(A) a sentence to probation will, as to this Defendant, reflect the seriousness of this offense and will not undermine respect for the law.

7.      That consistent with Subsection 3553(a)(2)(B) a sentence to probation will provide adequate deterrence, especially because the few clubhouses which remain in Denver are now presumably aware of criminal sanctions which can be deployed against them for drug use on the clubhouse premises.

8.      That consistent with Subsection 3553(a)(2)(C) the public is not at risk, whatsoever, from this Defendant as is evidenced by him being a first time offender at the age of 39 and the numerous letters submitted by individuals who are part of and associated with the general public.

9.      That consistent with Subsection 3553(a)(6) because this Defendant was the first to plead guilty and accept responsibility for his criminal conduct he is being sentenced before any of the other defendants which prevents a cogent analysis of sentencing disparities. However, this

Defendant may be one of the few Defendants in this case, if not the only one, who has "no criminal history."

WHEREFORE the Defendant prays that this Honorable Court impose a non-guideline sentence to probation or for any further relief which the Court may deem just and proper.

Respectfully submitted,

By:   *s/ Joseph Saint-Veltri*
JOSEPH SAINT-VELTRI
Joseph Saint-Veltri, Attorney at Law
900 Logan Street
Denver, CO 80203

ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that this Motion for Non-Guideline Sentence was delivered, via the ECF system for the District of Colorado to all parties, this 6th day of August, 2012.

/s/ Joseph Saint-Veltri