1

```
                   IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

SHEPS H. KHAMSAHU,

      Defendant.
_____
```

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)
_____

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 1:33 p.m., on the 16th day of July, 2013, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the Plaintiff.

JOSEPH SAINT-VELTRI, Attorney at Law, 900 Logan Street Denver, Colorado, 80203, appearing for the Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1          (The following proceedings were had and entered of
2    record after the Court heard the arguments of counsel and
3    statement of defendant:)
4          *THE COURT:*  I'll announce the sentence I intend to
5    impose.  Of course, counsel, you'll have an opportunity to make
6    objections before judgment is entered.  And if you believe that
7    the sentence is premised upon error or I raise an issue you
8    haven't had adequate opportunity to address, I invite you to
9    request a continuance.
10         Imposition of a sentence in a federal criminal case is
11   governed by a number of statutes.  The umbrella statute is 18
12   U.S.C. Section 3553.  In imposing sentence in this case, as in
13   all cases, I'm required to consider the objectives and the
14   factors set forth in Section 3553(a).  Section 3553 requires
15   that the sentence be sufficient but not greater than necessary
16   to satisfy particular objectives.  The sentence must reflect
17   the seriousness of the offense; promote respect for the law;
18   provide just punishment; adequately deter criminal conduct;
19   protect the public from further crimes by the defendant; and
20   provide the defendant with needed educational or vocational
21   training, medical care, or other correctional treatment in the
22   most effective manner.
23         To fashion a sentence that meets these objectives, the
24   statute tells me what factors to consider.  The nature and
25   circumstances of the offense; the history and characteristics

1  of the defendant; the kinds of sentences that are available,
2  the sentence prescribed by the federal sentencing guidelines;
3  and the need to avoid unwarranted sentence disparities among
4  defendants with similar records found guilty of similar
5  conduct.
6       At the beginning of this hearing, I identified the
7  documents I had studied in preparation for the hearing;
8  confirmed with counsel that they and the defendant had had an
9  opportunity to review those documents; asked if there were any
10 other documents to consider, and there were not; asked whether
11 there was any dispute with the factual information, Docket No.
12 703, which is the most recent presentence investigation report,
13 and there was not; asked if there was any dispute as to the
14 calculation of the sentence under the federal sentencing
15 guidelines as set forth in that report, and there was not.
16      Mr. Khamsahu has pled guilty to violation of 21 U.S.C.
17 Sections 846 and 856(a)(1) and (2) and (b).  The sentencing
18 guideline that sets the Base Offense Level for such violation
19 is Section 2D1.8.  Because the type and the amount of drugs
20 involved in this offense was approximately 8.58 kilograms of
21 marijuana, the Base Offense Level is 14.  There are no specific
22 offense characteristics under Section 2D1.1(b)(1), but there is
23 under 2D1.1(b)(12), a two-level increase because the defendant
24 maintained a premises for the purpose of manufacturing and
25 distributing a controlled substance.

1       According to the stipulation of facts, the defendant
2  paid monthly dues to support the Hells Lovers motorcycle club
3  activities, which included maintaining and using the clubhouse,
4  and he was aware of and participated in the illicit drug use by
5  members.
6       Then there is a reduction in the specific offense
7  characteristics.  Under 2D1.1(b)(16), there is a two-level
8  decrease.  And that decrease is extended because the defendant
9  meets the criteria set forth in subdivisions (1) through (5) of
10 subsection (a) of Section 5C1.2.  The resulting adjusted
11 offense level is 14.  Then Mr. Khamsahu receives an additional
12 downward adjustment for acceptance of responsibility.  That's a
13 two-level decrease pursuant to Section 3E1.1(a).  The resulting
14 offense level is 12.
15      Now, under the guidelines, the second component in the
16 sentence computation is the defendant's criminal history.
17 Here, he has no criminal history that has been assigned any
18 points.  He has no juvenile adjudications, he has no adult
19 criminal convictions, and so he falls in the lowest criminal
20 history category, that being Criminal History Category I.
21      With a Criminal History Category of I and an offense
22 level of 12, the guidelines recommend a custodial time period
23 of 10 to 16 months, followed by 1 to 3 years of supervised
24 release, a fine of 3,000 to $500,000, and a special assessment
25 of $100.

1    The Government has moved for a downward departure in
2 two motions brought under 5K1.1 of the guidelines.  Those are
3 Docket No. 742 and 910.  I deny both of those because there is
4 no specificity as to either what the information that
5 Mr. Khamsahu provided or the benefit that was achieved
6 therefrom.  The motions are essentially boilerplate motions
7 with conclusory statements.  So the guideline calculation stays
8 as it is reflected in Docket No. 703.
9    The defendant moves for a variant sentence under 18
10 U.S.C. Section 3553.  And I understand the variance request to
11 be based upon his history and characteristics as reflected in
12 the letters that have been submitted on his behalf, the fact
13 that he has no criminal history, and the fact that he has
14 cooperated with the Government and been compliant with the
15 terms that have been imposed with regard to his release
16 presentence.
17    I think a variant sentence is appropriate here.  And I
18 note that the Government agrees with the probationary request
19 as a variant sentence.  I intend to impose probation in lieu of
20 a custodial sentence; I intend to impose 2 years of probation.
21 And in my questioning of Mr. Khamsahu, the reason that I
22 prodded with regard to specific understanding of what he did
23 wrong here is because I wanted to figure out what special
24 conditions of supervision were appropriate.
25    Mr. Khamsahu indicates to me in generalities that this

1  has been a really hard time in his life, and I get that.  I
2  know it's been hard on his family as well.  But he's not very
3  precise or really very reflective as to what he has done that
4  got him here.  And while I understand that this was aberrant
5  behavior in the sense that he -- this club was different than
6  the prior motorcycle club he belonged to, what I hear and what
7  he says is, it was a way of making him feel valued, to be an
8  officer in this club.  And therefore, he essentially put up
9  with or participated in conduct that he might not otherwise
10 have done because it made him feel good, it made him feel
11 important, especially after his job hadn't turned out the way
12 he wanted.
13         Now, there is a big difference between being a good
14 person or a bad person and what happens in sentencing.
15 Sentencing isn't about being a good person or a bad person.
16 It's not about, frankly, whether marijuana is legal or not
17 legal.  When we look at whether a person is a good person or a
18 bad person, I look at it from the standpoint of someone much
19 wiser than I, which says, you're as good a person as the best
20 deed you've done, and you're as bad a person as the worst deed
21 you've done.
22         Now, I don't know what the best deed is, and I don't
23 know what the worst deed is.  The focus of sentencing is
24 holding somebody accountable for the conduct that gave rise to
25 the conviction.  And what's important to me is that

1   Mr. Khamsahu recognized that conduct, decides not to engage in
2   that conduct again.  I've not heard that.  And my concern about
3   that is that if it's important to be honored and respected,
4   such as an officer in a motorcycle gang, that that may be
5   something that may motivate Mr. Khamsahu to be involved in
6   other associations or with other people who respect him and
7   honor him and engage in other conduct which is not consonant
8   with the very favorable views and comments reflected in the
9   letters that I received.
10          And as a consequence, I am going to impose a special
11  condition on probation that Mr. Khamsahu engage in a mental
12  health assessment and mental health counseling if warranted at
13  the direction and so long as directed by the probation officer.
14          Now, one of the interesting things that came out in
15  the presentence report is a question as to whether Mr. Khamsahu
16  has a substance abuse problem.  He hasn't mentioned that.  And
17  he did engage in marijuana use.  And I recognize that marijuana
18  under Colorado state law is now legal.  It wasn't when he was
19  using it.  And I think that given the history reflected in the
20  presentence report, that that's an area that Mr. Khamsahu needs
21  to be reflective about as well, how he relates to alcohol and
22  drugs.  And so I am going to impose a special condition that he
23  participate in a substance abuse evaluation and rehabilitation
24  program as well, so long as directed to by the probation
25  officer.

1  I'm not going to impose a fine, because Mr. Khamsahu
2  both lacks the ability to pay a fine, and he also has children
3  who are dependent upon him for support, which would interfere
4  with the payment of the fine.  The special assessment of $100
5  is mandated by statute.
6  So to recap, the sentence that I intend to impose is 2
7  years of probation, with two special conditions and all the
8  standard conditions, no fine, and a special assessment of $100.
9  Is there a need for clarification, explanation, or a
10  request for a continuance?
11  *MR. TILL:*  Not from the Government, Your Honor.
12  *MR. SAINT-VELTRI:*  No, Your Honor.
13  *THE COURT:*  Then having considered the provisions of
14  18 U.S.C. Section 3553 and enunciated my reasoning with regard
15  to the sentence I intend to impose, pursuant to the Sentencing
16  Reform Act of 1984, it is the judgment of the Court that the
17  defendant, Sheps H. Khamsahu, be placed on probation for a term
18  of 2 years.  While on supervision, he will not commit another
19  federal, state, or local crime; he will not possess a firearm
20  as defined in 18 U.S.C. Section 921; and he'll comply with the
21  standard conditions that have been adopted by the Court.  He
22  will not unlawfully possess a controlled substance, he will
23  refrain from any unlawful use of a controlled substance, he
24  will submit to at least one drug test within 15 days of release
25  on supervised release and at least two periodic tests

 1   thereafter, he'll cooperate in the collection of DNA as
 2   directed by the probation officer, and he'll pay a special
 3   assessment of $100, which is due and payable immediately.
 4          I also impose two special conditions which are
 5   consonant with the provisions of 18 U.S.C. Section 3553 in the
 6   provision governing supervised release.  And those conditions
 7   are that he participate in a mental health evaluation and
 8   counseling if recommended at the direction and for so long as
 9   directed by the probation officer.  And to the extent he is
10   able to pay and directed to pay by the probation officer, he
11   will pay for such treatment.
12          He will also participate in an assessment and
13   treatment if recommended for substance abuse.  For so long as
14   he's directed to by the probation officer and to the extent
15   that he is able and directed to by the probation officer, he
16   will pay for such treatment.
17          To the extent, Mr. Khamsahu, that you have a residual
18   right to appeal your sentence, you need to do so within 14
19   days.  You do so by filing a notice of appeal.  Ordinarily,
20   Mr. Saint-Veltri would file that notice for you; but if for
21   some reason he's unable or he's unwilling to do, so you may
22   request and I will direct the Clerk of Court to file a notice
23   of appeal on your behalf.
24          Is there any further business to bring before the
25   Court?

```
 1          MR. TILL:  Not from the Government, Your Honor.
 2          MR. SAINT-VELTRI:  No, Your Honor.
 3          THE COURT:  Thank you, Mr. Till; thank you,
 4   Mr. Saint-Veltri; thank you to our probation officer; thank you
 5   to our marshal staff and our courtroom staff.
 6          Is there a bond that needs to be exonerated,
 7   Mr. Saint-Veltri?
 8          MR. SAINT-VELTRI:  I wish I knew the answer to that,
 9   Your Honor.  May I -- it's my recollection that the defendant's
10   on a PR bond.  And if so, we'd ask that the PR bond be
11   discharged and exonerated.
12          THE COURT:  Why don't I just deal with any bond and
13   exonerate it at this time, and that will resolve the issue.
14          MR. TILL:  Agreeable.  Thank you.
15          THE COURT:  Then, thank you very much.
16          Good luck to you, Mr. Khamsahu, hope not to see you
17   back here again.  And we'll stand in recess.
18          (Recess at 2:23 p.m.)
19                       REPORTER'S CERTIFICATE
20
21       I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
22
23       Dated at Denver, Colorado, this 19th day of July, 2013.
24                                       s/Therese Lindblom
25                               _____
                                 Therese Lindblom,CSR,RMR,CRR
```